UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RODERICK JOHNSON,

                              Plaintiff,

           v.

ACTING COMMISSIONER ANTHONY
ANNUCCI, et al.,

                              Defendants.

_____

                              DECISION AND ORDER

                              15-CV-6109L

Plaintiff Roderick J. Johnson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), sued twelve individual defendants, all of whom at all relevant times were employed by DOCCS. In his original complaint, plaintiff alleged that defendants violated his rights under the United States Constitution in a number of respects, in connection with an incident that occurred in 2013, while plaintiff was confined at Attica Correctional Facility.

The gist of plaintiff's claims is that defendants took actions against him, in retaliation for plaintiff having filed a grievance about what he considered to be an unlawful pat-frisk. In the original complaint, plaintiff asserted ten causes of action, alleging the use of excessive force, denial of adequate medical care, and due process violations.

Following an initial review of plaintiff's request to proceed *in forma pauperis* ("IFP"), the Court issued an Order (Dkt. #8) which granted plaintiff IFP status, but dismissed several of plaintiff's claims. The Court allowed some claims to go forward, specifically plaintiff's excessive-

force and retaliation claims against defendants Thomas Wilson and Trevor MacIntyre, who at all relevant times were Correction Officers at Attica.[1]

Those two remaining defendants have moved for summary judgment dismissing the complaint. (Dkt. #39.) After defendants' motion was filed, plaintiff requested additional time to respond to the motion (Dkt. #42, #44, #45). The Court has twice granted those requests. In its most recent order (Dkt. #46), the Court gave plaintiff until December 13, 2017 to respond. He has not done so, nor has he communicated with the Court any further.

## DISCUSSION

### I. Plaintiff's Failure to Respond to the Summary Judgment Motion

Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

The Court of Appeals for the Second Circuit has stated that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the possible consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). In the instant case, defendants' notice of

---

[1] The Court permitted plaintiff's claims to go forward against a third defendant, Brandon Kuhn, but defense counsel has stated, without contradiction, that Kuhn is deceased. Dkt. #18.

motion for summary judgment (Dkt. #39-2) and the subsequent order sent by the court (Dkt. #40) gave plaintiff ample notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. Plaintiff's requests for additional time to respond (which, as stated, were granted), further demonstrate that he understood the necessity of responding to the motion.[2] The Court may therefore accept the truth of defendants' factual allegations and determine whether defendants are entitled to summary judgment. *Crenshaw v. Syed*, 686 F.Supp.2d 234, 235–36 (W.D.N.Y. 2010).

**II. Defendants' Motion: Factual Background**

In the complaint, plaintiff alleged that he filed a grievance against defendant Wilson concerning a pat frisk that Wilson conducted on him on or about November 29, 2013. Plaintiff alleged that a few days later, MacIntyre told plaintiff that plaintiff would be beaten up and killed if he filed any more grievances. Plaintiff further alleged that on December 14, 2013, he was physically assaulted by Wilson and MacIntyre, for no justifiable reason. Complaint ¶¶ 11-14.

In their Rule 56 Statement of facts ("SOF") (Dkt. #39-1), defendants state that an incident involving plaintiff did occur on December 14, 2013. According to defendants' unrebutted statements, plaintiff and some other inmates had been let out of their cells for a morning call-out and were standing between two companies in C-Block. While they were standing there, one of the

---

[2] Plaintiff's first two requests for additional time to respond were based on his allegation that he was having difficulty accessing the law library at the facility where he was housed. In his most recent request, plaintiff stated that he had been granted access to the law library. (Dkt. #45.) Aside from his request for an extension of time (which the Court granted), plaintiff did not indicate that anything was hindering his ability to respond to defendants' motion.

3

inmates was slashed with a blade of some sort. Afterwards, plaintiff was charged in a misbehavior report with possession of a weapon and violent conduct.

On December 16, 2013, prison officials determined from an x-ray that plaintiff had a scalpel blade, which had been melted inside a pen cap, in his bowel. Plaintiff has admitted that he swallowed it on December 14, at around the time that he was frisked following the slashing incident, because he did not want to get caught with the blade on his person. (Dkt. #39-7 at 102.) Eventually the scalpel was found after plaintiff passed it. SOF ¶ 11.

**III. The Merits of Defendants' Motion**

Defendants argue that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. Defendants are correct.

The Prison Litigation Reform Act ("PLRA") requires inmate litigants to exhaust their administrative remedies before filing suit under § 1983. *See* 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, a New York prisoner is generally required to follow the prescribed three-step grievance procedure set forth at 7 N.Y.C.R.R. § 701.5. *See Morrison v. Hartman*, 898 F.Supp.2d 577, 581 (W.D.N.Y. 2012).

According to defendants' unrebutted assertions of fact, plaintiff did not file any grievances with respect to Wilson's or MacIntyre's alleged use of excessive force, or retaliation, in connection with the underlying incidents. Plaintiff did file two grievances in December 2013, and two grievances in January 2014, but none of them raised the issues that form the basis of this lawsuit. Plaintiff complained that he was not being given access to eye drops, and that he had inadequate bedding and lines, and he made some evidentiary requests relating to his disciplinary proceedings.

4

(SOF ¶¶ 19-23; Romesser Decl. (Dkt. #39-4) Exs. A-D.) There is no evidence that plaintiff ever filed any other grievances during the relevant time frame.

Plainly, then, the grievances that plaintiff did file cannot be said to have put defendants on notice of the nature of plaintiff's complaint in this action, nor would the prison authorities reasonably be expected to treat them as raising the issues forming the basis for this action. Plaintiff's filing of those grievances was therefore insufficient to meet the exhaustion requirement, as to the claims he has raised in this lawsuit. *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007) (to satisfy PLRA's exhaustion requirement, inmate must exhaust remedies in both a substantive and procedural sense, in other words, must raise substantive complaint in a procedurally correct manner).

Also unrebutted is defendants' assertion that even if plaintiff's grievances could be read as encompassing the matters raised in this action, there is no evidence that plaintiff exhausted those grievances by appealing them to the Central Office Review Committee ("CORC"). *See Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). Plaintiff was obviously aware of the grievance procedure requirements, including appeals to CORC, as evidenced by his prior grievances concerning other matters. *See* SOF ¶¶ 26, 27. He therefore has not met the exhaustion requirement, on that ground as well. The complaint must therefore be dismissed.

While my conclusion that plaintiff has not exhausted his remedies renders it unnecessary for the Court to address the merits of his claims, I also agree with defendants that his retaliation claim fails for the additional reason that there is no evidence to support a finding of a causal connection between defendants' alleged assault and any protected activity on plaintiff's part.

To prevail on a First Amendment retaliation claim, the plaintiff must show that (1) he engaged in constitutionally protected activity; (2) the defendant took adverse action against him; and

5

(3) there was a causal connection between the protected activity and the adverse action. *See Espinal v. Goord*, 554 F.3d 216, 227 (2d Cir. 2009). An adverse action is "conduct that would deter a similarly situated individual of ordinary firmness from exercising ... constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (internal quotation marks omitted).

Courts generally approach prisoner retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation marks omitted). An inmate's filing of a grievance is protected activity. *See Washington v. Afify*, 968 F.Supp.2d 532, 543 (W.D.N.Y. 2013) (citing *Coleman v. Beale*, 636 F.Supp.2d 207, 211 (W.D.N.Y. 2009)).

In the case at bar, defendants have stated in support of their motion that there is no record of plaintiff ever having filed a grievance pertaining to any alleged inappropriate pat frisk by defendant Wilson, and that Wilson and MacIntyre had no knowledge or awareness of any such grievance. (SOF ¶¶ 25, 32, 33.) As stated, those assertions stand unrebutted, and the Court may, and does, accept them as true. Since plaintiff's retaliation claim is based entirely on his having filed such a grievance, the absence of such a grievance completely undercuts his claim. Defendants could not have intended to retaliate against plaintiff for a grievance that did not exist, and which they did not believe existed.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #39) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 21, 2018.